IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, a/k/a Jamarv P. Hammond, #265009,<br><br>                                Petitioner,<br><br>vs.<br><br>Sheriff Al Canon<br><br>                                Respondent. | C/A No. 4:20-cv-3545-JFA-TER<br><br><br><br>**ORDER** |

## I.    INTRODUCTION

The *pro se* petitioner, Jamarv Hammond ("Petitioner"), brought this action pursuant to 28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

After reviewing the petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this petition should be dismissed without requiring respondent to file a return because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. (ECF No. 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Petitioner filed objections to the Report on November 20, 2020. (ECF No. 16). Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III.  DISCUSSION

Petitioner seeks to vacate his current criminal sentence based on the grounds of ineffective assistance of counsel. However, the Magistrate Judge correctly holds that the claims raised in this petition are successive.

Within his objection, Petitioner acknowledges that this petition is successive and unauthorized, but avers that "it is completely within the discretion and authority of the honorable court to solely issue an opinion as to the violations of the Plaintiff's constitutional rights." (ECF No. 16, p. 3). Petitioner cites no support for this proposition and this court is unaware of any grant of authority allowing it to wholly disregard the prohibition on successive petitions with no justification. Moreover, this court lacks jurisdiction to entertain such a petition without prior authorization. *See* 28 U.S.C. § 2244;

*United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Accordingly, Petitioner's objection is overruled.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the response thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 9). Consequently, the petition (ECF No. 1) is dismissed without prejudice and without requiring a return from respondent.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

December 7, 2020                                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                                          United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."